IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MICHAEL WASHINGTON, Defendant. | No. C02-2011-LRR<br><br>ORDER |

This matter is before the court on the defendant's motion for appointment of counsel (docket no. 74) and motion for sentencing transcript (docket no. 76). The defendant filed the former motion on January 8, 2008 and the latter motion on March 21, 2008.

In his motion for appointment of counsel, the defendant asserts that counsel is necessary to represent him in light of the Second Chance Act of 2007 and future matters. There is nothing pending in the defendant's criminal case, and the court concludes that an attorney to research a new statute is not warranted. Although the court does appoint attorneys in actions that arise under 28 U.S.C. § 2255 and other types of actions, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Generally, the court will not appoint an attorney until an action is filed; the court does not appoint attorneys to assist inmates with investigating or commencing an

action. Accordingly, the defendant's motion for appointment of counsel (docket no. 74) is denied.

With respect to the defendant's motion for sentencing transcript, the court previously noted that there is nothing pending in this case and it appears that a motion pursuant to 28 U.S.C. § 2255 is beyond the applicable statute of limitation. Accordingly, the court does not believe it is appropriate to provide the defendant a copy of the sentencing transcript at its own expense. The defendant's motion for sentencing transcript (docket no. 76) is denied. To the extent that the defendant desires to pay for a copy of the transcript, the Clerk's Office is directed to provide the defendant with the appropriate court reporter's telephone number and address.

**IT IS SO ORDERED.**
**DATED** this 28th day of March, 2008.

JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT